NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
JOHN J. KUCERA
Assistant United States Attorney
Asset Forfeiture Section
California Bar No. 274184
   Federal Courthouse, 14th Floor
   312 North Spring Street
   Los Angeles, California 90012
   Telephone: (213) 894-3391
   Facsimile: (213) 894-0142
   E-mail: John.Kucera@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>$148,145.00 IN U.S. CURRENCY,<br><br>      Defendant.<br>_____<br>ROBERT SHUMAKE,<br><br>      Claimant | No. CV 18-00670-SJO (GJSx)<br><br>AMENDED NOTICE OF MOTION AND MOTION TO STRIKE CLAIM AND ANSWER OF ROBERT SHUMAKE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF JOHN J. KUCERA;EXHIBITS<br><br>Hearing Date: November 26, 2018<br>Hearing Time: 10:00 a.m.<br>Ctrm: 10C<br>Hon. S. James Otero |

    Plaintiff United States of America hereby moves the Court to Strike the Claim and Answer filed by Robert Shumake ("Motion to Strike"). The motion is based on the attached Memorandum of Points and Authorities, the Declaration of John J. Kucera, Exhibit A and all

pleadings, records, and other documents on file with the Court in this action, and upon such oral argument as may be presented at the hearing on the motion. Pursuant to Local Rule 7-3, the motion is being made following consultation with claimant's counsel, who has indicated his client's opposition.

The Motion is scheduled to be heard on November 26, 2018, at 10:00 a.m. before the Honorable S. James Otero, United States District Judge, First Street Courthouse located at 350 W. First Street, Courtroom 10C, Los Angeles, California 90012, or on another date and time as the Court may direct.

Dated: October 25, 2018          Respectfully submitted,

                                 NICOLA T. HANNA
                                 United States Attorney

                                 LAWRENCE S. MIDDLETON
                                 Assistant United States Attorney
                                 Chief, Criminal Division
                                 STEVEN R. WELK
                                 Assistant United States Attorney
                                 Chief, Asset Forfeiture Section


                                     /s/*John J. Kucera*
                                 JOHN J. KUCERA
                                 Assistant United States Attorney

                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      Introduction and Relevant Procedural History**

On October 30, 2017, plaintiff United States of America ("plaintiff" or the "government") a referral from the Drug Enforcement Administration ("DEA") for the defendant $148,145.00 in U.S. Currency (the "defendant currency"). In DEA's administrative forfeiture proceeding, the International Human Rights Commission ("IHRC") filed an administrative claim as to the defendant currency. In that proceeding, signing on behalf of IHRC, Robert Shumake ("Shumake"), under penalty of perjury, admitted that IHRC held the ownership interest in the defendant currency, which constituted "charitable donations given in support the International Human Rights Commission". *See* Exhibit A.

On January 26, 2018, the government filed a Verified Complaint of Forfeiture against the defendant currency, pursuant to 21 U.S.C. § 881(a)(6). *See* Declaration of John J. Kucera ("Kucera Dec.") at ¶ 2; Docket 1.

On April 27, 2018, the Clerk entered Default as to the interests of IHRC, Shumake, Daniel Flint and all other potential claimants. Kucera Dec. at ¶ 3.

On May 4, 2018, the government filed a Notice of Motion and Motion for Default Judgment against the interests against IHRC, Shumake, Daniel Flint and all other potential claimants. Kucera Dec. at ¶ 4.

On May 21, 2018, potential claimants IHRC, Shumake, and Daniel Flint filed a Memorandum in Opposition to the Notice of Motion and Motion for Default Judgment. Kucera Dec. at ¶ 5.

On July 3, 2018, the government filed its Reply in Support of

the Motion for Default.  Kucera Dec. at ¶ 6.

On July 16, 2018, the Court granted in part and denied in part the motion for default judgment.  Default judgment was granted against IHRC, Daniel Flint, and all other potential claimants.  Default judgment was denied as to Shumake.  Kucera Dec. at ¶ 7.

On August 6, 2018, Shumake filed a verified claim to the complaint.  Docket 38.  On August 10, 2018, Shumake filed an answer to the complaint. Docket 40.  Kucera Dec. at ¶ 8.

On August 16, 2018, Shumake filed a notice of motion and motion to set aside the clerks Entry of Default, and the motion was granted by the Court.  Kucera Dec. at ¶ 9.

**II.  ARGUMENT**

**A.  NATURE OF CIVIL ASSET FORFEITURE**

This is a civil asset forfeiture case.  In such a case, the United States is the plaintiff, the property/asset is the defendant, and the claimant is an intervenor seeking to challenge the forfeiture of the defendant property/asset. *Via Mat Int'l S. Am., Ltd. v. United States*, 446 F.3d 1258, 1264 (11th Cir. 2006) (a civil forfeiture proceeding is not an action against the claimant but rather is an in rem action against the property); *United States v. All Funds in Account Nos. 747.034/278*, 295 F.3d 23, 25 (D.C. Cir. 2002) ("Civil forfeiture actions are brought against property, not people.  The owner of the property may intervene to protect his interest."); *United States v. $734,578.82 in U.S. Currency*, 286 F.3d 641, 657 (3d Cir. 2002) (civil forfeiture is an in rem action against the property itself; the forfeiture is "not conditioned upon the culpability of the owner of the defendant property"); *United States v. One-Sixth Share of James J. Bulger in All Present & Future*

4

*Proceeds of Mass Millions Lottery Ticket No. M246233*, 326 F.3d 641, 647 (1st Cir. 2003) ("Because civil forfeiture is an *in rem* proceeding, the property subject to forfeiture is the defendant. Thus, defenses against the forfeiture can be brought only by third parties, who must intervene."); *United States v. Land & Bldgs. Located at 99 Sheffield Rd.*, 2006 WL 827809, at *3 (D.N.H. 2006) ("In a civil forfeiture action, the defendant is the property subject to forfeiture.  A person who claims an interest in the property must intervene in the forfeiture in accordance with the Supplemental Rules.").

    **B.   THE SUPPLEMENTAL RULES GOVERN CIVIL ASSET FORFEITURE ACTIONS WHICH ARISE FROM A FEDERAL STATUTE**

The Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules") govern forfeiture actions in rem arising from a federal statute.  Supplemental Rule A(l)(B).  This is such an action. The Federal Rules of Civil Procedure also apply, except to the extent they are inconsistent with the Supplemental Rules. Supplemental Rule A(2).

Supplemental Rule G(8)(c)sets the guidelines for a motion to strike a claim or answer.  At any time before trial, the government may move to strike a claim or answer (B) on the grounds that the claimant lacks standing.  The motion must be decided before any motion by the claimant to dismiss the action; and may be presented as a motion for judgment on the pleadings or as a motion to determine after a hearing or by summary judgment whether the claimant can carry the burden of establishing standing by a preponderance of the evidence.

      **C.    CLAIMANT'S STANDING IS A THRESHOLD ISSUE THAT MUST BE RESOLVED BEFORE THEY CAN CONTEST THE CIVIL FORFEITURE OF THE DEFENDANT CURRENCY**

As an intervenor in this civil forfeiture case, claimant must establish that he has standing in order to contest the forfeiture. *Via Mat Int'l S. Am., Ltd. v. U.S.*, 446 F.3d at 1261 (Standing "is the threshold question in every federal case, determining the power of the court to entertain the suit") (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)); *United States v. $38,570 U.S. Currency*, 950 F.2d 1108 (5th Cir.1992) (standing is a threshold question on which the claimant "bears the burden of demonstrating an interest in the seized item sufficient to satisfy the court of his standing").

Previously in this case, **under penalty of perjury**, Shumake personally signed and submitted a claim on behalf of IHRC that to the best of his knowledge and belief, IHRC is the true owner of the defendant currency. Therefore, Shumake now lacks standing as provided by Supplemental Rule G(8)(c), and Shumake's personal claim to the defendant currency (and related answer) should be stricken. The claimant will oppose the motion to strike the claim and answer filed by Robert Shumake.

///
///
///

### III. CONCLUSION

Because Shumake initially submitted an administrative claim, under penalty of perjury, admitting that the defendant currency belonged to the IHRC, Shumake cannot now establish standing pursuant to Rule G(8). For the foregoing reasons, the government respectfully requests that the Court issue the Proposed Order lodged herewith striking the claim and answer of Robert Shumake.

Dated: October 25, 2018          Respectfully submitted,

                                 NICOLA T. HANNA
                                 United States Attorney

                                 LAWRENCE S. MIDDLETON
                                 Assistant United States Attorney
                                 Chief, Criminal Division
                                 STEVEN R. WELK
                                 Assistant United States Attorney
                                 Chief, Asset Forfeiture Section


                                       /s/ John Kucera
                                 JOHN J. KUCERA
                                 Assistant United States Attorney

                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA

**DECLARATION OF JOHN J. KUCERA**

I, John J. Kucera, declare and state as follows:

1. I am an Assistant United States Attorney in the Office of the United States Attorney for the Central District of California in Los Angeles, and am responsible for the representation of the United States of America in this matter. I have personal knowledge of the facts set forth in this Declaration and, if called to testify, I could and would testify competently thereto.

2. On January 26, 2018, the government filed a Verified Complaint of Forfeiture against the defendant currency, pursuant to 21 U.S.C. § 881(a)(6). See Declaration of John J. Kucera ("Kucera Dec.") at ¶ 2; Docket 1.

3. On April 27, 2018, the Clerk entered Default as to the interests of International Human Rights Commission, Robert Shumake, Daniel Flint and all other potential claimants.

4. On May 4, 2018, the plaintiff filed a Notice of Motion and Motion for Default Judgment against the interests against International Human Rights Commission, Robert Shumake, Daniel Flint and all other potential claimants.

5. On May 21, 2018, potential claimants International Human Rights Commission, Robert Shumake, and Daniel Flint filed a Memorandum in Opposition to the Notice of Motion and Motion for Default Judgment.

6. On July 3, 2018, the government filed its Reply in Support of the Motion for Default.

7. On July 16, 2018, the Court granted in part and denied in part the motion for default judgment. Default judgment was granted against International Human Rights Commission, Daniel Flint, and all

8

1 other potential claimants.  Default judgment was denied as to Robert
2 Shumake.
3     8.   On August 6, 2018, Robert Shumake filed a verified claim to
4 the complaint.  Docket 38. On August 10, 2018, Robert Shumake filed
5 an answer to the complaint. Docket 40.
6     9.   On August 16, 2018, Robert Shumake filed a notice of motion
7 and motion to set aside the clerks Entry of Default, and the motion
8 was granted by the Court.
9     I declare under penalty of perjury, under the laws of the United
10 States of America, that to the best of my knowledge, the foregoing is
11 true and correct.

                                                 /s/ John Kucera
                                                 JOHN J. KUCERA