DAVID M. MICHAEL, CSBN 74031
EDWARD M. BURCH, CSBN 255470
LAW OFFICE OF MICHAEL & BURCH, LLP
One Sansome Street, Suite 3500
San Francisco, CA 94104
Telephone:     (415) 946-8996
Facsimile:      (877) 538-6220
E-mail:          david@michaelburchlaw.com

Attorneys for Claimant ROBERT SHUMAKE

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br>v.<br><br>$148,145.00 IN U.S. CURRENCY,<br><br>     Defendant.<br>_____/<br>ROBERT SHUMAKE,<br><br>     Claimant.<br>_____/ | No. CV-18-670 SJO (GJSx)<br><br>**CLAIMANT ROBERT SHUMAKE'S OPPOSITION TO MOTION TO STRIKE JUDICIAL CLAIM**<br><br>Date:    26 November 2018<br>Time:   10:00 a.m.<br>Dept:    10C<br>            Hon. S. James Otero |

The government, in its Amended Motion to Strike (Doc. 54, filed 10/25/18), is wrong in two fundamental respects, as will be shown here. First, it misrepresents the contents and allegations in Shumate's administrative claim in which, contrary to the government's allegations, Shumate NEVER alleged that IHRC was the "owner" of the defendant currency. Second, the government ignores the clear statutory and judicial distinction made between an administrative claim and a judicial claim, a distinction relevant to this Court's determination here.[1]

---

[1] Although Rule LR 7-9 of the Local Rules provides that an opposition to the government's Motion to Strike is normally due 21 days after the filing of the motion, which allowed Claimant to file his opposition on 15 November 2018, eight days from 11/07/2018 (today), this Court, in its 10:46 a.m. Scheduling Notice of 11/07/2018 (today), has now required Claimant to file his

**1.     Administrative Claims And Judicial Claims Are Separate And Distinct From Each Other**

In rem civil forfeiture actions arise out of a federal statute, 18 U.S.C. § 981, and are therefore governed by 18 U.S.C. § 983 and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules"). In both administrative proceedings and judicial proceedings, at least one claim is required to be filed to pursue the return of seized property. An examination of the relevant authority shows that there is no dispute that administrative claims are unique and distinct from judicial claims.

A party seeking to challenge the administrative forfeiture of seized property must serve an administrative claim with the seizing agency within the deadline set forth in the notice of seizure or, if the party did not receive a notice letter and was not known to the government, then no later than thirty days after the final newspaper publication of the notice of seizure. *See* 18 U.S.C. § 983(a)(2)(B). A claim "need not be made in any particular form" and need only identify, under oath, (1) the property being claimed, and (2) the claimant's interest in that property. 18 U.S.C. § 983(a)(2)(C). Any person may serve an administrative claim 18 U.S.C. § 983(a)(2)(E). By doing so, that forces that agency to lose jurisdiction over the property and requires it to refer the matter to the United States Attorney in the judicial district where the property was seized for the initiation of judicial forfeiture proceedings.

> Not later than 90 days after a claim has been filed, the Government shall file a complaint for forfeiture in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims or return the property pending the filing of a complaint, except that a court in the district in which the complaint will be filed may extend the period for filing a complaint for good cause shown or upon agreement of the parties.

18 U.S.C. § 983(a)(3)(A).

---

opposition by 11/08/2018 at 8:00 a.m., which allowed Claimant exactly **21 hours and 14 minutes** from that order to prepare and file his opposition. Whether or not there is an inherent unfairness in such an order, Claimant has no choice but to now comply with it. Lucky for the government, as the new order states, it now has 4 days to file its reply.

Claimant Robert Shumake's Opposition To Motion To Strike Judicial Claim
Case No. CV-18-670 SJO (GJSx)

But, the filing of an administrative claim is distinct from the filing of a judicial claim and **does not limit who may file a judicial claim nor what interest may be asserted.** *See*, *United States v. $86,496.00*, 2008 U.S. Dist. LEXIS 40847 (D. Ariz. 2008) (collected cases):

> The verified claim requirement in Rule G(5) "is not merely a procedural technicality[.]" *United States v. $ 13,970.00*, No. 5:06-CV-386(CAR), 2007 U.S. Dist. LEXIS 30764, 2007 WL 1231659, at *2 (M.D. Ga. Apr. 26, 2007). Nor are administrative claims "a substitute for filing a verified claim in the judicial forfeiture action because **summary administrative forfeitures and judicial forfeitures are distinct proceedings**." *United States v. $ 48,000*, No. 06-10952, 2007 U.S. Dist. LEXIS 36632, 2007 WL 1467158, at *3 (E.D. La. May 18, 2007). This distinction is important because **the party that files an administrative claim may not be the only party with an interest in the property, and the requirement that verified claims be "filed with the court notifies all other parties of each claim to the property so that all interests may properly be resolved**." *United States v. $ 23,000*, 356 F.3d 157, 166 (1st Cir. 2004); *see $ 2,857.00*, 754 F.2d at 213 (an administrative claim submitted to the DEA "does not fulfill an important function of the claim requirement of [Rule G(5)] - notifying the court that the claimant is entitled, by virtue of his sworn claim to the property, to join the action and be heard"); *United States v. $ 50,200*, 76 F. Supp. 2d 1247, 1252 (D. Wyo. 1999) (**"The administrative claim serves a purpose separate and apart from the claim filed in a judicial proceeding."**). . . . . .
>
> *United States v. One 1990 Mercedes Benz*, 926 F. Supp. 1, 4 (D.D.C. 1996) ("[A] claim submitted during the course of the administrative forfeiture proceedings does not satisfy the verified claim obligation of [Rule G(5)].").

2008 Dist. LEXIS 40847, at *4-*5 (emphasis added)

Pursuant to 18 U.S.C. § 983(a)(3)(A), the government timely filed its judicial Complaint for Forfeiture on 26 January 2018 (Doc. 1). Following some litigation, Claimant Robert Shumake, timely filed his judicial Verified Claim, asserting "an ownership and possessory interest in, and the right to exercise dominion and control over, all of the defendant property". (Doc. 38, filed 08/06/18).

**2. Shumake's Administrative Claim is Not in Conflict With His Judicial Claim and His Other Representations In the Case**

In its Motion to Strike, the government represents that "[p]reviously **in this case,** under penalty of perjury, Shumake personally signed and submitted a claim on behalf of IHRC that to

the best of his knowledge and belief, IHRC is the true owner of the defendant currency." Motion at 6:12-15. (emphasis added), attaching its **Exhibit 1**. This representation is not true in many respects.[2]

First, the "**in this case**" claim the government is referring to cannot be the administrative claim that Shumake served on the administrative agency because, in the claim that Shumake served "**in this case**", his judicial claim, he represented himself as the owner of the defendant currency. Doc. 38. A previously served document on an administrative agency is not a claim submitted "**in this case**".

Second, putting aside the government's confusing language, even in the administrative claim, Shumake **did not represent that IHRC was the "owner" of the defendant property**. In fact, Shumake, in the administrative claim, did not identify what interest IHRC had in the property, which could include a possessory or beneficial or other interest **other than owner**.[3] Since the defendant property was in a diplomatic pouch related to IHRC, it makes sense that IHRC had a possessory interest in the defendant currency.

Looking at the administrative Seized Asset Claim Form more closely, the first section only asks Shumake to identify his contact information. Shumake correctly states that he is "Robert Shumake on behalf of the International Human Rights Commission" (IHRC). This is not a disputed fact nor an allegation that IHRC is the "owner" of the defendant funds.

The next relevant section asks the claimant to "[l]ist all assets you are claiming" and "[s]tate your interest in each asset listed and explain why you believe the property belongs to you". Shumake identifies the defendant property and states that the defendant property represents "charitable donations given to support the International Human Rights Commission."

---

[2] Although the government also filed an **Exhibit 1** with its initial Motion to Strike, it failed to include that exhibit with its Amended Motion. To ensure that the exhibit is properly before the Court, Claimant also files herewith the same document as **Exhibit 1** to this pleading.

[3] It is worth noting here that the administrative claim form that Shumake used was the form created and provided by the administrative agency, itself, requesting that information be stated in discrete boxes. Any ambiguity that may have emanated from the design of that form certainly cannot be used against Shumake or interpreted in a way that defeats his right to be heard in this judicial proceeding.

Claimant Robert Shumake's Opposition To Motion To Strike Judicial Claim
Case No. CV-18-670 SJO (GJSx)

4

1   Shumake DOES NOT, in the administrative claim, state whether or not he is the present
2   owner of the property or whether IHRC has an ownership interest or beneficial or possessory
3   interest in the property at the time of the seizure.  In fact, the facts of the case support that IHRC
4   had a possessory interest in the defendant currency since the funds were contained in an IHRC
5   diplomatic pouch.
6   Federal case law indicates that a possessory interest is sufficient to confer standing on a
7   forfeiture claimant. See, *United States v. 1977 Porsche Carrera*, 946 F.2d 30, 33 (5th Cir. 1991)
8   (standing derived from possessory interest of legal or equitable nature in seized item); *United*
9   *States v. $ 260,242.00 United States Currency*, 919 F.2d 686, 687-88 (11th Cir. 1990)
10  (possessory interest constitutionally sufficient for claims in forfeiture actions); *Currency*
11  *$267,961.07*, 916 F.2d at 1107 ("property interest less than ownership, such as a possessory
12  interest, is sufficient to create standing"); *United States v. One 1985 Cadillac Seville*, 866 F.2d
13  1142, 1148 (9th Cir. 1989) (in order to grant standing, claimant's property interest must at least
14  be of a possessory nature).
15  In *United States v. 1982 Sanger 24' Spectra Boat*, the Ninth Circuit cited a United States
16  Supreme Court opinion as authority for the rule that "it is not necessary … that a claimant under
17  the forfeiture statute allege ownership. A lessor property interest such as possession creates
18  standing." 738 F.2d 1043, 1046 (9th Cir. 1984) (citing *United States v. Jacobsen*, 466 U.S. 109,
19  104 S. Ct. 1652, 80 L. Ed. 2d 85 (1984)). In *Jacobsen*, the Supreme Court decided that a Fourth
20  Amendment seizure of property occurs "when there is some meaningful interference with an
21  individual's possessory interest in that property." 466 U.S. at 113, 104 S. Ct. at 1656, 80 L. Ed.
22  2d at 94.
23  In addition, the law is clear that a "person" includes any individual or entity capable of
24  holding a legal or **beneficial** interest in property. 18 U.S.C. § 1961(3) (emphasis added). See,
25  also, *Wailes v. Davies*, 158 F. 667*, (1907) (D Nev.), the court holding that work done by one of
26  the stockholders on the mines was sufficient to protect those claims from forfeiture and
27  relocation, because the stockholder had a **beneficial interest** in protecting the corporate property.
28

Just because Shumake is making an administrative claim on behalf of IHRC does NOT mean that he is claiming that IHRC is the "owner' of the defendant currency, as opposed to a possessory or beneficial interest. And, it would be improper for this Court to interpret any ambiguous statement in a government form against Shumake without running afoul of the strict mandates of the courts as to how to interpret ambiguities in forfeiture cases, which are disfavored in any event and where courts are required to let such cases be decided on the merits.

> "Because forfeitures are disfavored, *see United States v. One Ford Coach*, 307 U.S. 219, 226, 83 L. Ed. 1249, 59 S. Ct. 861 (1939), forfeiture laws and their notice provisions are 'strictly construed . . . against the government,' [ ] "

*U.S. v. Ritchie*, 342 F.3d 903, 910-911 (9th Cir. 2003) (emphasis added).

### 3. Shumake's Further Representations In This Case Show That He Is Alleging His Ownership of The Defendant Currency and That IHRC Only Has a Beneficial Interest If Any

In this case, Shumake expands on both his interest and IHRC's interest in the defendant property, with an explanation that is NOT inconsistent with his administrative claim. First, Shumake alleges an ownership interest in his judicial claim (Doc, 38, filed 08/06/18), thus satisfying the verified judicial claim obligations of Rule G(5). *See*, *United States v. One 1990 Mercedes Benz*, 926 F. Supp. 1, 4 (D.D.C. 1996) ("[A] claim submitted during the course of the administrative forfeiture proceedings does not satisfy the verified claim obligation of [Rule G(5)].")

Second, in his Answer to Complaint (Doc. 40, filed 08/10/18), Shumake "admits that Daniel Flint was representing Claimant [Shumake] and carrying the defendant currency on Claimant's behalf". *Id*, at 4:12-14, an assertion of Claimant's ownership of the defendant currency.

Later, in Claimant's Verified Response to Plaintiff's Special Interrogatories, served on the government on 09/24/18, (filed herewith as **Exhibit 2**), Claimant explains not only his ownership of the defendant property but also explains his relationship with IHRC as having a possessory and beneficial interest in the property, consistent with his administrative claim.

For example, in his Response to Special Interrogatory No. 8, Shumake states that

"the Defendant currency was raised by me from donors who know me personally for various humanitarian projects in Kenya and Tanzania and being delivered at the time of seizure to my office in California by my personal attorney, Daniel Flint, through diplomatic means. The donors are already known to the government because, after the seizure, I sent a letter to counsel for the government, AUSA John Kucera, identifying each and every donor of the Defendant currency."

In his Response to Special Interrogatory No. 18, Shumake states that:

"at the time of the seizure of the Defendant currency, in addition to other responsibilities, I was the Deputy Chairman of the IHRC, which had no funds available to it at that time. My assignment for the IHRC was to establish an office in the United States and raise capital for humanitarian projects. My business and humanitarian activities were to raise funds for my personal projects, as identified in my response to Interrogatory No. 8, projects that the IHRC might have been identified with, without any ownership interest, once those projects were initiated. None of that occurred as a result of the seizure of the Defendant currency."

In his Response to Special Interrogatory No. 19, Shumake states that

"the funds were given to me to fund various humanitarian projects with which I was and am involved. I solicited the donors personally and funds were donated to me based on my personal relationship with the donors. Once the funds were received, they could be deployed to projects for IHRC, including opening an office in California as well as other humanitarian projects with which I am involved. At the time of the seizure of the funds, they were solely owned by me and had not yet been distributed to any project on behalf of any entity."

**4.   Conclusion**

For the foregoing reasons, Claimant requests that this Court deny the government's Motion to Strike the claim of Shumake and allow this case to proceed to trial on the merits.

Respectfully submitted,

Dated:  7 November 2018

                             _s/David M.Michael_____
                             DAVID M. MICHAEL
                             Attorney for Claimant ROBERT SHUMAKE

**CERTIFICATE OF ELECTRONIC SERVICE**

      I hereby certify that, on 7 November 2018, I caused to be electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                 *s/David M.Michael*_____
                                                 DAVID M. MICHAEL
                                                 Attorney for Potential Claimants