NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
JOHN J. KUCERA
Assistant United States Attorney
Asset Forfeiture Section
California Bar No. 274184
   Federal Courthouse, 14th Floor
   312 North Spring Street
   Los Angeles, California 90012
   Telephone: (213) 894-3391
   Facsimile: (213) 894-0142
   E-mail: John.Kucera@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>$148,145.00 IN U.S. CURRENCY,<br><br>      Defendant.<br>_____<br>ROBERT SHUMAKE,<br><br>      Claimant | No. CV 18-00670-SJO (GJSx)<br><br>REPLY IN SUPPORT OF NOTICE OF MOTION AND MOTION TO STRIKE CLAIM AND ANSWER OF ROBERT SHUMAKE;<br><br>Hearing Date: November 26, 2018<br>Hearing Time: 10:00 a.m.<br>Ctrm: 10C<br>Hon. S. James Otero |

Plaintiff United States of America hereby submits their reply in support of, and to the Claimant's opposition to, the Notice of Motion and Motion to Strike Claim and Answer of Robert Shumake. In their opposition to the Government' Motion to Strike, claimant, Robert Shumake ("Shumake") argues that the government misrepresented the

contents and allegations in Shumake's administrative claim, and that the government ignores the clear statutory and judicial distinction made between an administrative claim and a judicial claim.

## I. CONTENTS AND ALLEGATIONS IN ADMINISTRATIVE CLAIM

Previously in the administrative proceeding related to this case, under penalty of perjury, Shumake personally signed and submitted a claim on behalf of International Human Rights Commission ("IHRC") that to the best of his knowledge and belief, IHRC is the true owner of the defendant currency. Therefore, Shumake now lacks standing as provided by Supplemental Rule G(8)(c), and Shumake's personal claim to the defendant currency should be stricken.

Dictionary.com defines "ownership" as (1) the state or fact of being an owner, or (2) legal right to possession; proprietorship. https://www.dictionary.com/browse/ownership. Pursuant to the Seized Asset Claim Form (the "administrative claim"), signed on October 12, 2017, Shumake entered the following in the "Name" field in Part I of the administrative claim:

> Robert Shumake **on behalf of** the International Human Rights Commission

(Doc. 38, at 1 (emphasis added)). This language clearly identifies IHRC as the entity with interest in the asset, not Shumake. The literal definition of "behalf" means speaking or acting for someone or something, which is what we have here.

In addition, Shumake signs the administrative claim as follows:

> Robert Shumake **for** the International Human Rights Commission

(*Id.* at 2 (emphasis added)). Shumake is literally signing on someone else's behalf — that is, IHRC. This language demonstrates that IHRC

was the owner of the defendant asset and Shumake was simply acting in his official capacity as an executive and authorized signor acting on behalf of IHRC.  Shumake's claim asserted that IHRC and IHRC alone is the owner of the defendant assets.

Shumake made his statements under **penalty of perjury** and made clear that "to the best of [his] knowledge and belief," IHRC was the true owner of the defendant assets *Id.*  Nothing in his responses suggest that Shumake intended to assert personal ownership or possessory interest over the defendant asset.  In fact, Shumake admits that he DID NOT "state whether or not he is the present owner of the property," (Doc. 56 at 5) thereby waiving any claim to the defendant asset.  On its face, the administrative claim fails to show that Shumake has shown personal standing.

## II.  NO DISTINCTION BETWEEN ADMINISTRATIVE CLAIM AND JUDICIAL CLAIM WITH RESPECT TO STANDING

Civil judicial forfeiture is an *in rem* action brought in court against the defendant property.  The property itself is the defendant in such matters.  This differs from civil administrative forfeiture actions, which are *in rem* actions that permits a federal agency to seize and forfeit the defendant property (including monetary instruments) without judicial involvement.

The Civil Asset Forfeiture Reform Act ("CAFRA"), enacted in 2000, 18 U.S.C. §§ 983 & 985, imposes specific procedural safeguards "used in all civil forfeitures under federal law," including civil administrative forfeiture.  *United States v. 144,774 Lbs. of Blue King Crab*, 410 F.3d 1131, 1134 (9th Cir. 2005).  These safeguards include standing.

In order for a potential claimant to challenge a forfeiture of property, he must demonstrate both constitutional standing (Article III) and statutory standing. In general, only **owners** have standing to challenge a forfeiture action under 21 U.S.C. § 881. *See Kadonsky v. United States*, 216 F.3d 499, 508 (5th Cir. 2000). To this end, a potential claimant must demonstrate an ownership or possessory interest in the seized property or demonstrate a colorable possessory interest in the seized property. Shumake failed to do that here because he asserted no interest on his personal behalf.

### III. CONCLUSION

Claimant's arguments are without merit. In the light of the claimant initially submitting an administrative claim, under penalty of perjury, that the defendant currency belonged to the International Human Rights Commission, his first claim should carry the most weight, and therefore, Shumake cannot establish standing pursuant to Rule G(8).

Dated: November 9, 2018

Respectfully submitted,

NICOLA T. HANNA
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

　　　/s/*John J. Kucera*
JOHN J. KUCERA
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA