**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority   ____
Send       ____
Enter      ____
Closed     ____
JS-5/JS-6  ____
Scan Only  ____

| | | | |
|---|---|---|---|
| **CASE NO.:** | CV 18-00670 SJO (GJSx) | **DATE:** | November 15, 2018 |
| **TITLE:** | United States of America v. $148,145.00 In U.S. Currency | | |

========================================================================
**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                           Not Present
Courtroom Clerk                            Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF(S):**      **COUNSEL PRESENT FOR DEFENDANT(S):**

Not Present                                Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE [Docket No. 54.]**

This Motion comes before the Court on Plaintiff the Government's (the "Government") Motion to Strike Claim and Related Answer of Robert Shumake ("Motion"; "Claimant" or "Shumake") filed October 25, 2018.[1] Claimant opposed the Motion ("Opposition") on November 7, 2018. Plaintiff replied ("Reply") on November 9, 2018. For the following reasons, the Court **GRANTS** the Government's Motion.

I.     FACTUAL AND PROCEDURAL BACKGROUND

On October 30, 2017, the Government received a referral from the Drug Enforcement Administration ("DEA") for the defendant Daniel Flint $148,145.00 in U.S. Currency (the "Defendant Currency"). (Mot 3, ECF No. 54.) In the DEA's administrative forfeiture proceeding, the International Human Rights Commission ("IHRC") filed an administrative claim as to the Defendant Currency. (*See* Opp'n. Ex. 1, ECF No. 56-1.) In that administrative claim, Claimant stated under penalty of perjury, that he claimed the Defendant Currency "on behalf of the IHRC." (*Id.*)

On January 26, 2018, the Government filed a Verified Complaint of Forfeiture ("Complaint") against the Defendant Currency, pursuant to 21 U.S.C. § 881(a)(6). (*See* ECF No. 1.) On April 27, 2018, the Clerk entered Default as to the interests of IHRC, Shumake, Daniel Flint and all other potential claimants. (ECF No. 16.)

On May 4, 2018, the Government filed a Notice of Motion and Motion for Default Judgment against the interests against IHRC, Shumake, Daniel Flint and all other potential claimants. (ECF No. 17.) On May 21, 2018, potential claimants IHRC, Shumake, and Daniel Flint filed a Memorandum in

---

[1] Plaintiff incorrectly filed the instant Motion as a Motion to Amend. (*See* ECF No. 54.) Thus, the Court corrects the error here, noting that the instant Motion is an amended Motion to Strike. (*Id.*)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

| | |
|---|---|
| CASE NO.: <u>CV 18-00670 SJO (GJSx)</u> | DATE: <u>November 15, 2018</u> |

Opposition to the Notice of Motion and Motion for Default Judgment. (ECF No. 18.) The Government replied on July 3, 2018. (ECF No. 33.) On July 16, 2018, the Court granted in part and denied in part the motion for default judgment. (ECF No. 36.) Default judgment was granted against IHRC, Daniel Flint, and all other potential claimants. (*Id.*) Default judgment was denied as to Shumake. (*Id.*)

On August 6, 2018, Shumake filed a verified claim to the complaint ("Judicial Claim"). (ECF No. 38.) On August 10, 2018, Shumake filed an answer to the complaint. (ECF No. 40.) On August 16, 2018, Shumake filed a motion to set aside the clerks Entry of Default, and the Court granted the motion. (ECF Nos. 46, 49.)

In the instant Motion, the Government argues that Claimant's Judicial Claim and related Answer should be stricken because Claimant does not have standing to contest asset forfeiture. (*See* Mot.)

II.     DISCUSSION

      A.     <u>Legal Standard</u>

"At any time before trial, the government may move to strike a claim or answer...because the claimant lacks standing." Supplemental Rule (G)(8). Article III of the United States Constitution's "case and controversy" requirement obligates federal courts to determine, as an initial matter, whether plaintiffs have standing to bring suit. *Lance v. Coffman*, 549 U.S. 437, 439 (2007).

"Claimants in civil forfeiture actions can satisfy this test by showing that they have 'a colorable interest in the property,' which includes an ownership or a possessory interest. A claimant bears the burden of showing that he owns or has an interest in the forfeited property. The danger of false claims in these proceedings is substantial. We require claimants to allege and prove a valid property interest in the forfeited items. *Baker v. United States*, 722 F.2d 517, 519 (9th Cir. 1983) (internal citations omitted).

To satisfy the standing requirement plaintiffs at the pleading stage, a plaintiff must allege: (1) that they have suffered an "injury in fact," i.e., the invasion of a legally protected interest which is both (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) that a" causal connection" exists , i.e., that their injury is "fairly traceable" to the defendant's challenged conduct;  and (3) that their injury will likely be redressed by a favorable decision.  *See, e.g., Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561-62 (1992).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | |
|---|---|
| Priority | \_\_\_\_\_ |
| Send | \_\_\_\_\_ |
| Enter | \_\_\_\_\_ |
| Closed | \_\_\_\_\_ |
| JS-5/JS-6 | \_\_\_\_\_ |
| Scan Only | \_\_\_\_\_ |

CASE NO.: <u>CV 18-00670 SJO (GJSx)</u>   DATE: <u>November 15, 2018</u>

### B. Claimant Does Not Have Standing

"Standing is the threshold question in every federal case, determining the power of the court to entertain the suit. As an aspect of justiciability, the standing question is whether the plaintiff has 'alleged such a personal stake in the outcome of the controversy' as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf. *Warth v. Seldin*, 422 U.S. 490, 498–99 (1975).

The Government argues that because Claimant swore under penalty of perjury in an administrative claim that the Defendant Currency was collected in support of/on behalf of the IHRC, Claimant does not have standing to oppose forfeiture in the instant Judicial Claim. (Mot. 6-7, ECF No. 54.) Claimant contends that in his Judicial Claim, he represented himself as the owner and claimant of the Defendant Currency and as such, he has standing to contest the forfeiture. (Opp'n. 4, ECF No. 56.) Claimant emphasizes that because an administrative claim is distinct from a judicial claim, his sworn statement as to the IHRC's ownership interest in the Defendant Currency should not be considered for purposes of his Judicial Claim. (*Id.* at 1-4.)

#### 1. Claimant's Administrative Claim Casts Doubt on the Instant Judicial Claim

Claimant argues that because he stated he held Defendant Currency on "behalf of IHRC" in an administrative claim, it should not negatively affect his standing in the instant Judicial Claim because they are distinct proceedings. (Opp'n. 1-4; Opp'n. Ex. 1.) Claimant further argues that a statement made to an administrative agency is not comparable to a Judicial Claim. (*Id.*) The Court infers this to mean that Claimant believes his sworn Judicial Claim statements should somehow be more meaningful than his prior sworn administrative claim statements, even though both were made under penalty of perjury. The Court disagrees.

Claimant cites primarily to one case which discusses the distinction between administrative and judicial claims. (Opp'n. 3 (citing *United States v. $ 86,496.00*, 2008 U.S. Dist. LEXIS 40847 at \*4-\*6 (D.Ariz. 2008). In that case, the district court analyzed the effect of an administrative claim on timeliness and standing. *Id.* The court held that a petition with the DEA (an administrative claim), did not satisfy the obligation to file a judicial claim in a civil forfeiture action arising under a federal statute. *Id.* at \*4.

The instant case is distinguishable. Here, Claimant implies that because administrative and judicial proceedings are distinct, two statements made under penalty of perjury in independent proceedings should not affect one another. (Opp'n. 1-4.) However, in support of this assertion, Claimant offers no case law that states whether a sworn statement in an administrative proceeding is somehow less powerful than a sworn statement in a judicial proceeding. (*See* Opp'n.) Moreover, Claimant does not contest that he swore, under penalty of perjury to be claiming the Defendant Currency "on behalf of IHRC." (*Id.* at 4.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

CASE NO.:  <u>CV 18-00670 SJO (GJSx)</u>          DATE:     <u>November 15, 2018</u>

On balance, the Court is unpersuaded that a sworn statement in an administrative claim is distinguishable in legal effect from a sworn statement in a judicial claim. Although administrative and judicial claims are distinct, that does not negate the power of statements made under penalty of perjury, no matter the **type** of proceeding.

Thus, Claimant has not yet established standing in the instant Judicial Claim.

>   2.   <u>Claimant's Factual Assertions in Support of His Judicial Claim Do Not Negate Those Previously Made in His Administrative Claim</u>

The Court finds that the facts and statements presented do not sufficiently establish Claimant's standing in the Judicial Claim.

First, Claimant unequivocally claimed the Defendant Currency as an agent of IHRC, not as an individual. It is undisputed that in his administrative claim with the DEA, which was filed 10 months before his Judicial Claim, Claimant stated that he claimed "the charitable donations given to support the IHRC...on behalf of the IHRC." (*See* ECF No. 56-1.) Black's Law Dictionary defines "on behalf of" as "in the name of, on the part of, as the agent or representative of." BEHALF, Black's Law Dictionary (10th ed. 2014). As such, pursuant to Claimant's initial sworn statement, he claimed the Defendant Currency "in the name of, on the part of, [or] as the agent or representative of" the IHRC. In effect, Claimant claimed the Defendant Currency not for himself, but for the IHRC. As such, Claimant does not establish a "colorable interest" in the Defendant Currency, which is required for standing. *Baker*, 722 F.2d at 519.

Second, Claimant's legal arguments are without merit because the cases he cites do not apply to the facts of this case. For example, Claimant contends that ownership of a possessory nature is sufficient to confer standing and cites to two Ninth Circuit cases. (Opp'n. 5.) Claimaint first cites to *U.S. v. One 1985 Cadillac Seville*, in which the Ninth Circuit held that because the claimant failed to show how a declaration of equitable interest would benefit him personally, he lacked the required personal stake in the outcome to establish standing. 866 F.2d 1142, 1148 (9th Cir. 1989). The court did not address whether the claimant's interest in reducing tax liability rose to the possessory interest required to grant standing. *Id.* Claimant also cites to *United States v. 1982 Sanger 24' Spectra Boat, Serial No. SANSP69ZM82, R5-83-0015, Value Approximately $28,000.00, & Attached Trailer, Nevada License No. T61942*, in which the Ninth Circuit held that "a lesser property interest such as possession creates standing." 738 F.2d 1043, 1046 (9th Cir. 1984).

The above-referenced cases are distinguishable from the facts here. Claimant has not shown how a declaration of interest by the Court would "benefit him personally," nor has he shown that **he has** a lesser interest in the Defendant Currency, "such as possessory," which could create standing. *One 1985 Cadillac Seville*, 866 F.2d at 1148; *Id.* Rather, Claimant attempts to argue that his

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

| | | | |
|---|---|---|---|
| **CASE NO.:** | <u>CV 18-00670 SJO (GJSx)</u> | **DATE:** | <u>November 15, 2018</u> |

administrative claim and Judicial Claim are "not in conflict" because in both claims, Claimant's relationship to IHRC consists of a "possessory and beneficial interest in the [Defendant Currency]." (Opp'n. 3-6.) In support of this assertion, Claimant cites to his special interrogatory answers taken on September 24, 2018. (*Id.*) Claimant emphasizes the following statements:

"[Claimant's] assignment for the IHRC was to...raise capital for humanitarian projects...[Claimant] solicited the donors personally and funds were donated to [Claimant] based on [his] personal relationship with the donors...once the funds were received, they could be deployed to projects for IHRC, including opening an office in California as well as other humanitarian projects." (Opp'n. 7.) Claimant further stated that "at the time of the seizure of the funds, they were solely owned by [Claimant] and had not yet been distributed to any project on behalf of any entity." (*Id.*)

The Court finds that the assertions in Claimant's administrative claim are not at all consistent with assertions in his Judicial Claim nor his answers to special interrogatories. As established, in the administrative claim, Claimant offers no assertion that he has any personal interest in the Defendant Currency. (Opp'n. Ex. 1.) Thus, the instant Judicial Claim absolutely conflicts with Claimant's prior administrative claim.

Third, the Court notes that the timing of Claimant's sworn declarations and interrogatory answers is conspicuous to say the least. Claimant filed his administrative claim on October 17, 2017, in which he affirmatively indicated that he claimed the Defendant Currency "on behalf of IHRC" both in the claim itself and in his printed signature. (*See* Opp'n. Ex. 1.) Nearly one year later on August 6, 2018, Claimant swore under penalty of perjury in a Judicial Claim that he had "an ownership and possessory interest in, and the right to exercise dominion and control over, all of the defendant property." (See ECF No. 38.) Subsequently, on September 24, 2018, Claimant answered special interrogatories emphasizing facts that supported his Judicial Claim. (Opp'n. Ex. 2, ECF No. 56-2.) While administrative and judicial proceedings are distinct, Claimant's two sworn statements directly conflict. Moreover, the sworn statements in the Judicial Claim and answers to interrogatories which came **after** the related administrative claim, are overtly self-serving.[2] The Court cannot simply disregard this discrepancy at Claimant's request.

As detailed above, Claimant's presented facts and legal analogies do not sufficiently establish Claimant's standing in the Judicial Claim.

   3. <u>Claimant Has Not Met His Burden of Establishing That He Has Standing to Contest Forfeiture</u>

---

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

| | | | |
|---|---|---|---|
| **CASE NO.:** | CV 18-00670 SJO (GJSx) | **DATE:** | November 15, 2018 |

Even if Claimant's administrative and judicial claims are distinct proceedings, they relate to the same Defendant Currency. Moreover, as established, the two claims directly conflict. Thus, Claimant has not met his burden of showing he has a **personal** stake in the outcome.

In sum, Claimant's administrative claim was filed first, Claimant's following Judicial Claim and answers to special interrogatories are self-serving, and Claimant's legal arguments are without merit. Accordingly, Claimant has not established that he has standing to claim the Defendant Currency.

III. <u>RULING</u>

The Court **GRANTS** the Government's Motion.

IT IS SO ORDERED.