NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
JOHN J. KUCERA
Assistant United States Attorney
Asset Forfeiture Section
California Bar No. 274184
   Federal Courthouse, 14th Floor
   312 North Spring Street
   Los Angeles, California 90012
   Telephone: (213) 894-3391
   Facsimile: (213) 894-0142
   E-mail: John.Kucera@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>$148,145.00 IN U.S. CURRENCY,<br><br>        Defendant.<br>_____<br>ROBERT SHUMAKE,<br><br>        Claimant | No. CV 18-00670-SJO (GJSx)<br><br>GOVERNMENT'S RESPONSE IN OPPOSITION TO CLAIMANT'S MOTION FOR RECONSIDERATION OF THIS COURT'S ORDER STRIKING CLAIMANT'S CLAIM;<br><br>Hearing Date: January 7, 2018<br>Hearing Time: 10:00 a.m.<br>Ctrm: 10C<br>Hon. S. James Otero |

    Plaintiff United States of America ("government") hereby submits its response in opposition to Robert Shumake's ("Claimant") Memorandum of Law In Support of Motion to for Reconsideration of this Court's Order Striking Claimant's Claim (Doc. 60-1 ("Motion for Reconsideration")). In opposition to this Court's Order Granting

Plaintiff's Motion to Strike (Doc. 59 ("Order to Strike")), Claimant argues that he "NEVER made an administrative claim of OWNERSHIP on behalf IHRC." (Doc. 60-1, at 1, emphasis in original). This is simply not true and defies the plain language found in the Drug Enforcement Administration's ("DEA") Seized Asset Claim Form ("administrative claim," attached hereto as exhibit A) that Claimant made a claim of ownership on behalf of the International Human Rights Commission ("IHRC").

In addition, Claimant argues that the administrative claim does not preclude him from asserting a judicial claim. The government agrees. However, as pointed out below, this argument is irrelevant and has no bearing on this Court's determination in its Order to Strike.

**I. THE PLAIN LANGUAGE FOUND IN THE ADMINISTRATIVE CLAIM MAKES IT CLEAR THAT CLAIMANT MADE A CLAIM OF OWNERSHIP ON BEHALF OF IHRC**

The language found in the administrative claim cannot be any clearer. As the government described in its Reply In Support of Notice of Motion and Motion to Strike Claim and Answer of Robert Shumake ("Motion to Strike Claim") (Doc. 57, at 2), and, in the Order to Strike, this Court correctly found that Claimant signed on **behalf of** IHRC. (*See* Doc. 38, at 1).

This is also supported by the fact that PART II of the administrative claim asks the Claimant to "State your interest in each asset listed and explain why you believe the **property belongs to you**." (Doc. 38, at 1 (emphasis added)). Nowhere in the administrative claim does Claimant purport to have any personal interest in the property. All of Claimant's statements regarding the property support the conclusion, that this Court reached in its

2

ruling, that is, Claimant does not have any actual ownership interest in the property.

In fact, under subsection 1 of PART II of the administrative claim, titled "Interest in Property," Claimant's response was: "Charitable donations given in support the International Human Rights Commission." (Exhibit A, at 1). Claimant makes no assertion that these charitable contributions were given to Claimant. Nor does Claimant suggest anyone else, other than IHRC, was the beneficiary of such contributions. "Claimant unequivocally claimed the Defendant Currency as an agent of IHRC, not as an individual." (Doc. 59, at 4).

Claimant argues, "[t]here is no law or statute or legal authority that says Shumake cannot make a claim of possessory or beneficial interest on behalf of IHRC, which is perfectly legal to do." (Doc. 60-1, at 2). Indeed, this is exactly what the government argues that Claimant did here, and this is exactly what this Court found, that Claimant only described IHRC as having any interest in the property.

The language included in the DEA administrative claim, coupled with Claimant's responses, establish that Claimant did, in fact, assert that IHRC owned the defendant property. To suggest otherwise, as Claimant does here, is contradictory (and would lead to absurd results, both legal and otherwise). As this Court found, Claimant "does not contest the he swore, under penalty of perjury to be claiming the Defendant Currency." (Doc. 59, at 3). As such, this Court made no error (and was justified) in concluding that Claimant claimed the defendant property not for himself, but on behalf of the IHRC. (*See id.* at 6).

**II. CLAIMANT FAILED TO ESTABLISH STANDING TO CONTEST FORFEITURE DUE TO THE INCONSISTENCY OF HIS CLAIMS**

Claimant's assertion that "**ANY PERSON** may file a Judicial Claim alleging any interest that person wishes to allege, not just those who filed an Administrative Claim," (Doc. 60-1, at 3, emphasis in original) is completely irrelevant. Nearly half of Claimant's Motion for Reconsideration is dedicated to this uncontested point, and it is merely an attempt at misdirection. The government agrees that Claimant has the right to file a judicial claim, irrespective of an existing related administrative claim, which is exactly what Claimant did. Neither the government nor the Court ever suggested that Claimant's Administrative Claim precluded his bringing a judicial claim.

Claimant simply ignores the inconsistencies of his responses in the administrative claim and judicial claim (both of which were prepared by an attorney with knowledge of the matter), which were the basis of this Court's order. As this Court found, "Claimant's administrative and judicial claims ... relate to the same Defendant currency ... [and] the two claims directly conflict." (Doc. 59, at 6). Irrespective of this Court's findings that Claimant's "answers to special interrogatories [were] self-serving, and ... legal arguments [were] without merit," Claimant failed to assert the perquisite requirement of standing to bring a judicial claim before the district court.

As such, this Court was correct to strike Claimant's Claim and Related Answer.

**III. CONCLUSION**

Claimant's arguments are without merit and irrelevant with respect to this Court's Order to Strike.  For the reasons stated above, the government respectfully requests this Court deny Claimant's Motion for Reconsideration.

Dated: December 6, 2018                 Respectfully submitted,

NICOLA T. HANNA
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section


       /s/*John J. Kucera*
JOHN J. KUCERA
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA