UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

| | |
|---|---|
| CASE NO.: CV 18-00670 SJO (GJSx) | DATE: April 11, 2019 |
| TITLE: United States of America v. $148,145.00 In U.S. Currency | |

========================================================================
**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                    Not Present
Courtroom Clerk                     Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF(S):**     **COUNSEL PRESENT FOR DEFENDANT(S):**

Not Present                         Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER DENYING CLAIMANT'S MOTION FOR RECONSIDERATION** [Docket No. 60.]

This Motion comes before the Court on Claimant Robert Shumake's ("Claimant") Motion for Reconsideration filed November 28, 2018. Plaintiff the Government ("Government") opposed the Motion ("Opposition") on December 6, 2018. Claimant replied ("Reply") on December 10, 2018. For the following reasons, the Court **DENIES** Claimant's Motion..

I.      FACTUAL AND PROCEDURAL BACKGROUND

On October 30, 2017, the Government received a referral from the Drug Enforcement Administration ("DEA") for the defendant Daniel Flint $148,145.00 in U.S. Currency (the "Defendant Currency"). (Mot 3, ECF No. 54.) In the DEA's administrative forfeiture proceeding, the International Human Rights Commission ("IHRC") filed an administrative claim as to the Defendant Currency (the "Administrative Claim"). (*See* Opp'n. Ex. 1, ECF No. 56-1.) In the Administrative Claim, Claimant stated under penalty of perjury that he claimed the Defendant Currency "on behalf of the IHRC." (*Id.*)

On January 26, 2018, the Government filed a Verified Complaint of Forfeiture ("Complaint") against the Defendant Currency, pursuant to 21 U.S.C. § 881(a)(6). (*See* ECF No. 1.) On April 27, 2018, the Clerk entered Default as to the interests of IHRC, Claimant, Daniel Flint and all other potential claimants. (ECF No. 16.)

On May 4, 2018, the Government filed a Notice of Motion and Motion for Default Judgment against the interests against IHRC, Claimant, Daniel Flint and all other potential claimants. (ECF No. 17.) On May 21, 2018, potential claimants IHRC, Claimant, and Daniel Flint filed a Memorandum in Opposition to the Notice of Motion and Motion for Default Judgment. (ECF No. 18.) The Government replied on July 3, 2018. (ECF No. 33.) On July 16, 2018, the Court granted in part and denied in part the motion for default judgment. (ECF No. 36.) Default judgment was granted against IHRC, Daniel Flint, and all other potential claimants. (*Id.*) Default judgment was denied as to Claimant. (*Id.*)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| Priority | \_\_\_\_\_ |
| Send | \_\_\_\_\_ |
| Enter | \_\_\_\_\_ |
| Closed | \_\_\_\_\_ |
| JS-5/JS-6 | \_\_\_\_\_ |
| Scan Only | \_\_\_\_\_ |

CASE NO.: <u>CV 18-00670 SJO (GJSx)</u>　　　　DATE: <u>April 11, 2019</u>

On August 6, 2018, Claimant filed a verified claim to the complaint (the "Judicial Claim"). (ECF No. 38.) On August 10, 2018, Claimant Shumake filed an answer to the complaint. (ECF No. 40.) On August 16, 2018, Claimant filed a motion to set aside the clerks entry of default, and the Court granted the motion. (ECF Nos. 46, 49.)

On October 25, 2018, the Government filed an Amended Motion to Strike Claimant's Claim and Answer. (ECF No. 54.) On November 7, 2018, Claimant filed an Opposition. (ECF No. 56.) On November 9, 2018, the Government filed a Reply. (ECF No. 57.) On November 15, 2018, the Court granted the Government's Amended Motion to Strike Claimant's claim and answer on the grounds that Claimant did not have standing to contest forfeiture (the "November Order"). (ECF No. 59.)

In the instant Motion, Claimant urges the Court to reconsider its November Order on the grounds that he has a legal right to file a Judicial Claim and assert ownership over the Defendant Currency. (Mot. 1, ECF No. 60-1.)

II.　　<u>DISCUSSION</u>

　　A.　　<u>Legal Standard</u>

Under Federal Rule of Civil Procedure 59(e), a party may move the court to reconsider and amend a previous order. Fed. R. Civ. Proc. 59(e). The rule offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted). A "motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (citing *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). A party may not use a motion for reconsideration to "raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.*

　　B.　　<u>Analysis</u>

　　　　1.　　<u>Claimant Has Failed To Establish That Reconsideration Is Warranted</u>

The crux of Claimant's argument is that because he never declared IHRC "owner" of the Defendant Currency in his Administrative Claim, he may file a Judicial Claim and the Court should reconsider the November Order. (Mot. 1; Reply 1, ECF No. 63.) The Court is unpersuaded. This does not change the fact that Claimant made two statements, under penalty of perjury, that directly conflict. Due to this conflict, Claimant has not "'alleged such a personal stake in the outcome of the controversy'...[that] the [C]ourt should exercise its remedial powers on his behalf." *Warth*, 422 U.S. at 498–99 (citation omitted). Moreover, a "motion for reconsideration should not be granted, **absent highly unusual circumstances,**" subject to few exceptions. *Carroll*, 342 F.3d

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

**CASE NO.:** <u>CV 18-00670 SJO (GJSx)</u>   **DATE:** <u>April 11, 2019</u>

at 945 (citation omitted). That is not the case here. In the instant Motion, Claimant attempts to raise the same arguments that he did in his initial Opposition to the Government's Motion to Strike. (ECF No. 56 at 4. ) ("[Claimant] did not represent that IHRC was the 'owner' of the Defendant [Currency].") These are not "highly unusual circumstances" that warrant the Court's reconsideration. *Carroll*, 342 F.3d at 945 (citation omitted).

In sum, Claimant still lacks standing to contest forfeiture and offers no new theories, facts, or evidence that justify reconsideration of the Court's November Order.

III.   <u>RULING</u>

The Court **DENIES** Claimant's Motion.

IT IS SO ORDERED.