**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   19-56018 |
| Plaintiff-Appellee, | D.C. No. 2:18-cv-00670-SJO-GJS |
| v. | |
| | MEMORANDUM[*] |
| INTERNATIONAL HUMAN RIGHTS COMMISSION; ROBERT SHUMAKE; DANIEL FLINT, | |
| Claimants-Appellants, | |
| v. | |
| 148,145.00 IN U.S. CURRENCY, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted October 7, 2020[**]
Pasadena, California

---

   [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   [**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: M. SMITH and OWENS, Circuit Judges, and CARDONE,[***] District Judge.

This case arises from the appeal of default judgments entered against the International Human Rights Commission (IHRC), Daniel Flint (Flint), and Robert Shumake (Shumake) in a judicial forfeiture proceeding relating to money seized from Flint at Los Angeles International Airport (LAX). Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling. We have jurisdiction under 28 U.S.C. § 1291. We AFFIRM in part, and REVERSE in part.

With respect to IHRC and Flint, the district court found they received direct notice of the judicial forfeiture proceedings but failed to file claims in the proceedings. By failing to file a claim, the district court correctly held they lacked standing to challenge the forfeiture and properly entered default judgments against them. *See United States v. Real Prop.*, 135 F.3d 1312, 1317–18 (9th Cir. 1998).

In addition, because the district court held IHRC and Flint lacked good cause to set aside the entry of defaults against them under Federal Rule of Civil Procedure 55(c), they also fail to demonstrate excusable neglect to set aside the default judgments under Federal Rule of Civil Procedure 60(b)(1). Both analyses consider

---

[***] The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

the same factors. *See Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011) (citing *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)); *see also United States v. Aguilar*, 782 F.3d 1101, 1109 (9th Cir. 2015).

With respect to Shumake, however, the district court abused its discretion in granting the motion to strike his verified judicial claim because the district court improperly weighed competing evidence at the pleading stage of the proceedings.

We addressed this issue in *United States v. $999,830.00 in U.S. Currency*, 704 F.3d 1042 (9th Cir. 2012) (per curiam). In that case, we reversed the district court's order striking a claim and subsequent default judgment against the would-be claimant. *Id.* We concluded a claimant's "unequivocal assertion of ownership establishes Article III standing at this stage of proceedings" and held the district court erred by considering the claimant's alleged prior inconsistent statements to negate his assertion of ownership at the pleading stage. *See id.* at 1043.

The Government argues on appeal that Shumake had actual notice of the judicial forfeiture proceedings under Supplemental Admiralty and Maritime Claims Rule G(4)(b)(v) such that his claim was untimely. In the Government's first motion for default judgment, the district court found Shumake did not receive direct notice of the judicial forfeiture proceedings and denied default as to Shumake on that basis. The Government contends the district court erred because it did not consider knowledge Shumake allegedly had before the Government filed its complaint. But

3

whether Shumake filed a claim in the prior administrative proceeding, or whether his attorneys had discussions with the Government before it filed its complaint that initiated the judicial forfeiture proceeding, does not establish Shumake's actual knowledge of this judicial forfeiture proceeding under Supplemental Rule G(4)(b)(v). As currently developed, the record does not indicate Shumake had actual knowledge under Supplemental Rule G(4)(b)(v). Therefore, the district court did not abuse its discretion in denying the Government's first motion for default as to Shumake.

Accordingly, we **AFFIRM** the default judgments as to IHRC and Flint. Because the district court abused its discretion by granting the Government's motion to strike Shumake's claim, we **REVERSE** that order and the subsequent default judgment entered against Shumake, and **REMAND** the case for further proceedings with respect to Shumake's claim. Each party shall bear its own costs on appeal.