**DAVID M. MICHAEL, CSBN 74031**
**EDWARD M. BURCH, CSBN 255470**
**LAW OFFICE OF MICHAEL & BURCH, LLP**
**One Sansome Street, Suite 3500**
**San Francisco, CA 94104**
**Telephone: (415) 946-8996**
**E-mail: edward@michaelburchlaw.com**

**Attorneys for Claimant ROBERT SHUMAKE**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

v.

$148,145.00 IN U.S. CURRENCY,

Defendant.
_______________________________/
ROBERT SHUMAKE,

Claimant.
_______________________________/

**No. CV-18-670 FMO**

**CLAIMANT'S NOTICE OF RECENT JUDICIAL OPINION RELEVANT TO PENDING MOTION FOR SUMMARY JUDGMENT**

TO THE ABOVE ENTITLED COURT AND THE UNITED STATES ATTORNEY FOR THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that a recently issued judicial opinion relevant to Claimant's Motion for Summary Judgment (Doc. 103) pending in this case is brought to this Court's attention, which issued since the last substantive brief filed by Claimant in this case.

The recent decision is the Order [on] Motion To Exclude Or Compel, by Hon. Kenneth G. Gale, U.S. Magistrate Judge of the District of Kansas Court in

*U.S. v. $487,025.00 in U.S. Currency*, Case 6:21-cv-01076-JWB-KGG, Document 71, filed 02/03/22 (D. Kan.), attached hereto.

For ease of reference, Claimant notes that the issue to which the Order pertains is addressed in this case: in Claimant's motion for summary judgment, Doc. 103, at pp. 12-14, in the Government's response, Doc. 108, at pp. 21-24, and in Claimant's reply, Doc. 112, at pp. 2-7; and quotes the aforementioned recently issued judicial opinion in part:

> Claimant argues … that Officer Blake, as a dog handler, should be considered an expert subject to the disclosure requirements of Fed.R.Civ.P. 26(a)(2). (*See id.,* at 3-8.) The Court's research discovered no Tenth Circuit or District of Kansas cases on point. [fn omitted]
>
> … Claimant subsequently cites a First Circuit case that addressed the testimony of the handler of a dug sniffing dog. (Doc. 57, at 6 (quoting *United States v. Naranjo-Rosario*, 871 F.3d 86, 96-97 (1st Cir. 2017).) The *Naranjo-Rosario* decision discussed that the agent in question testified about the dog's reactions and alerts, "and what those alerts meant in terms of the investigation." 871 F.3d at 96. The Court also noted that the dog handler in question "received training to teach him to handle a trained dog and to interpret the dog's reactions." *Id.* Thus, according to the First Circuit, the dog handler qualified as an expert pursuant to Fed.R.Evid. 702 because he
>
>> necessarily relied on his training and his experience in working with drug-sniffing dogs in order to give that testimony. Because most jurors have never experienced similar scenarios, his testimony rested 'upon an experience confessedly foreign in kind to [the jury's] own.'
>
> *Id.* (*citing Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999) (alteration in original).
>
> Plaintiff, on the other hand, provides caselaw from the Tenth Circuit but none of it is directly on point. None of the cases cited by Plaintiff address the issue of whether an expert disclosure is required

for a drug-sniffing dog handler. In discussing *U.S. v. Kalthoff*, for instance, Plaintiff states that "[b]ased upon the handler's lay testimony, the officers' comments at the scene, and the videotape itself all supported [sic] the finding that the dog had alerted to the presence of narcotics." (Doc. 69, at 4 (citing 266 Fed.Appx. 740, 742 (10th Cir. 2008).)

The *Kalthoff* decision, however, dealt with a suppression hearing and the issue of probable cause. The question of whether the dog-handling officer provided expert testimony – and whether an appropriate expert disclosure was timely provided in compliance with the scheduling order – was never at issue in that case. The same is true for *U.S. v. Parada*, 577 F.3d 1275 (10th Cir. 2009), also relied upon by Plaintiff.

In *U.S. v. Berrelleza*, 90 Fed.Appx. 361 (10th Cir. 2004) and *U.S. v. Outlaw*, 134 F.Supp.2d 807 (W.D. Tex. 2001), both relied upon by Plaintiff, the courts were dealing with *Daubert* issues regarding the qualifications, methods, and relevancy of expert testimony from dog handlers. Again, the issue of expert disclosures was not raised in either case. As Claimant points out in his reply brief, he "is not here moving for a *Daubert* hearing," but rather "asking this Court to order the government to disclose opinion testimony pursuant to Fed. R. Civ. P. 26(a)(2) and Fed. R. Civ. P. 37(c)(1)." (Doc. 70, at 2.)

Considering the above, the Court finds the First Circuit decision of *Naranjo- Rosario*, 871 F.3d 86, to be persuasive. The Court agrees that Officer Blake will "necessarily [rely] on his training and his experience in working with drug-sniffing dogs" to provide opinion testimony in this case. *Id.* The Court also agrees that most jurors will not have "experienced similar scenarios" or have completed similar training. *Id.* Thus, Officer Blake's testimony will, as with the dog-handler in *Naranjo-Rosario*, rest "'upon an experience confessedly foreign in kind to [the jury's] own.'" *Id.* (internal citation omitted). In other words, for purposes of this motion, the Court finds that Officer Blake's specialized knowledge as a dog- handler will potentially "help the trier of fact to understand the evidence or to determine a fact in issue." Fed.R.Evid. 702. [fn omitted].

*$487,025.00 in U.S. Currency*, *supra*, 6:21-cv-01076, Doc. 71, at pp. 5-9.

Respectfully Submitted,

3 February 2022

*s/Edward M. Burch*___________________

EDWARD M. BURCH, CSBN 255470
DAVID M. MICHAEL, CSBN 74031
LAW OFFICES OF MICHAEL & BURCH
One Sansome Street, Suite 3500
San Francisco, CA 94104
Telephone: (415) 946-8996
Facsimile: (415) 946-8837
E-mail: edward@michaelburchlaw.com
E-mail: david@michaelburchlaw.com

Attorneys for Claimant
ROBERT SHUMAKE

**CERTIFICATE OF ELECTRONIC SERVICE**

I hereby certify that, on 3 February 2022, I caused to be electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/Edward M. Burch*______________
EDWARD M. BURCH
Attorney for Claimant