E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture & Recovery Section
DAN G. BOYLE (Cal. Bar No. 332518)
TARA B. VAVERE (Cal. Bar No. 279470)
Assistant United States Attorneys
Asset Forfeiture & Recovery Section
    Federal Courthouse, 14th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2426/5901
    Facsimile: (213) 894-0142
    E-mail: Daniel.Boyle2@usdoj.gov
            Tara.Vavere@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>$148,145.00 IN U.S. CURRENCY,<br><br>　　　　Defendant.<br><br>ROBERT SHUMAKE,<br><br>　　　　Claimant. | No. 2:18-cv-670-PVC<br><br>PLAINTIFF'S MEMORANDUM OF <u>CONTENTIONS OF FACT AND LAW</u><br><br>Local Rule 16-4<br><br>Trial Date: December 12, 2023<br>Final Pretrial Conf.: Nov. 17, 2023 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Dan G. Boyle and Tara B. Vavere submits its pretrial memorandum of contentions of fact and law under Local Rule 16-4.

**I.  Introduction**

The United States commenced this forfeiture action pursuant the civil forfeiture provisions of 21 U.S.C. § 881, seeking forfeiture of the defendant $148,145.00 in U.S. Currency (the "Defendant Currency") based upon violations of the Controlled Substances Act, 21 U.S.C. § 841, *et seq*. The United States alleges that the Defendant Currency, seized from Daniel Flint at Los Angeles International Airport ("LAX") on July 25, 2017, constitutes money furnished or intended to be furnished in exchange for a controlled substance, or constitutes proceeds traceable to an exchange of a controlled substance, or was intended to be used to facilitate such an exchange, and therefore, is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

Claimant Shumake claims that the Defendant Currency consists of cash donations made to Shumake to fund humanitarian efforts, and that he had hired a courier, Daniel Flint, to transport the Defendant Currency from Chicago to Los Angeles.

**II.  Claims and Defenses (Local Rule 16-4.1)**

    **A.  Summary Statement of Plaintiff's Claim**

The Defendant Currency is subject to forfeiture, by a preponderance of the evidence, because it is the proceeds of, or was intended to be used to facilitate, a violation of the Controlled Substances Act.

    **B.  Elements Required to Establish Plaintiff's Claim**

Under the provisions of 21 U.S.C. § 881(a)(6), all money and other items of value are subject to forfeiture when they are: "(1) furnished or intended to be furnished in exchange for a controlled substance, (2) [proceeds] traceable to a controlled substance exchange, or (3) used or intended to be used to facilitate a

violation of the Controlled Substances Act." United States v. $148,840.00 in U.S. Currency, 521 F.3d 1268, 1270 (10th Cir. 2008). To establish forfeitability under § 881, the United States is not required to connect the currency to "a particular drug transaction," but instead, "need only trace the currency to drug trafficking generally." United States v. $21,055.00 in U.S. Currency, 778 F.Supp.2d 1099, 1103-04 (D. Kan. 2011). United States v. $11,500.00 in U.S. Currency, 710 F.3d 1006, 1013 (9th Cir. 2013) (government is not required to link defendant property to a specific drug transaction). United States v. $50,000 In U.S. Currency, 2021 WL 1593244, at *2 (C.D. Cal. Mar. 1, 2021) (where circumstantial evidence established probable cause that seized currency is proceeds from illegal drug activity, government need not trace seized currency to a specific drug offense).

 Further, the United States may use circumstantial evidence to meet its burden of proof. United States v. $36,000.00 in U.S. Currency, 2018 WL 839865 at *6 (C.D. Cal. Feb. 8, 2018); United States v. $59,520.00 in U.S. Currency, 2015 WL 5031904 (C.D. Cal. Aug. 24, 2015).

 Several factors can be probative of whether currency is connected to a violation of the Controlled Substances Act, for example: the amount and denomination of the currency; the packaging of the currency; the individual's explanation for possessing the currency; whether the individual provided inconsistent stories; and whether the claimant has a lawful source of income. United States v. $252,300.00 in U.S. Currency, 484 F.3d 1271, 1274-75 (10th Cir. 2007); United States v. Cruz, 669 F. App'x 883-884 (9th Cir. 2016).

In "evaluating the evidence of proceeds traceable to drug transactions," the Court "eschew[s] clinical detachment and endorse[s] a common sense view to the realities of normal life applied to the totality of the circumstances." United States v. $242,484.00, 389 F.3d 1149, 1160 (11th Cir. 2004) (quotations and citation omitted). "The aggregation of facts, each one insufficient standing alone, may suffice to meet the government's burden." United States v. $67,220.00 in U.S. Currency, 957 F.2d 280, 284 (6th Cir. 1992). United States v. 100,000.00 in USD Currency, 2021 WL 1255419, at *2 (C.D. Cal. Feb. 8, 2021).

**C. Description of Key Evidence in Support of Plaintiff's Claims**

Based on the following, the Defendant Currency is more likely than not connected to a violation of the controlled substances act.

1. Circumstances of the Seizure

On July 25, Daniel Flint carried the Defendant Currency from Chicago O'Hare International Airport to Los Angeles International Airport without submitting his baggage to TSA Screening, claiming that he was a diplomatic courier with the International Human Rights Commission, and therefore exempt from TSA's screening procedures. Flint was nonetheless stopped at LAX upon arrival, and during an interview with law enforcement officers at that time, Flint contacted an individual who identified himself as Robert Shumake, and over speakerphone, Shumake gave consent to search a purported "diplomatic pouch" that Flint was carrying. Inside the pouch were plastic grocery bags containing $148,145.00 in U.S. currency (the Defendant Currency). Based on the indicia of drug trafficking (the currency

4

appeared dirty, in various denominations, wrapped in rubber bands without any bank labels, and placed in plastic grocery bags), Shumake's criminal history (prior drug-related arrest), and the fact that Flint had no valid diplomatic status, the Defendant Currency was seized. Flint had no diplomatic immunity at the time of seizure, and ultimately was convicted in this district on one count of entering a secure airport area without inspection.

The Defendant Currency bore indicia of narcotics trafficking in that it was in various denominations, was wrapped in rubber bands without any bank markings, and was wrapped in plastic grocery bags.

On the date of the seizure of the Defendant Currency, claimant Shumake was a partner in Louis Armstrong and Associates, LLC, which was a business engaged in the cultivation and sale of marijuana in California.

Shumake admitted under oath in a deposition in another forfeiture action that Luis Armstrong and Associates had difficulty maintaining bank accounts in California, because marijuana is a federally controlled substance under Title 21.

Finally, the seizure of the defendant currency was the third such seizure in a roughly twelve-month period in which Claimant Shumake directed a courier to move U.S. currency by plane to California under purported "diplomatic identification" in an effort to evade screening requirements, and such couriers were stopped by law enforcement and their currency seized due to a lack of recognized diplomatic credentials.

**D.   Summary Statement of Affirmative Defenses**

In its Order re: Pending Motions, entered September 30, 2022, at ECF 115, in denying both the Claimant's Motion for Summary Judgment

5

and the Government's Motion to Strike Shumake's claim, the Court identified the following outstanding issues raised by Claimant Shumake:

> i. Claimant's contention that the government did not and does not have sufficient evidence connecting Claimant's currency to illegal drug sales.
>
> ii. Claimant's submission that the defendant funds constitute donations made to Shumake to fund various humanitarian efforts.

### E. Elements Required to Establish Counter Claims and Affirmative Defenses

Claimant Shumake contends that the government lacks evidence linking the defendant currency to illegal drug sales. The United States is not required to prove that the Claimant committed a criminal offense in order to forfeit the currency under 21 U.S.C. § 881(a)(6). Claimant Shumake submits that the defendant funds constitute donations made in cash to Shumake to fund various humanitarian efforts and has also asserted an innocent ownership affirmative defense. With respect to a property interest acquired after the conduct giving rise to the forfeiture has taken place, the term "innocent owner" means a person who, at the time that person acquired the interest in the property—

> (a) was a bona fide purchaser or seller for value (including a purchaser or seller of goods or services for value); and
>
> (b) did not know and was reasonably without cause to believe that the property was subject to forfeiture. 18 U.S.C. § 983(d)(3). Owner "means a person with an ownership interest in the specific property sought to be forfeited, including a leasehold,

lien, mortgage, recorded security interest, or valid assignment of an ownership interest…" 18 U.S.C.A. § 983(d)(6).

### F. Identification of any Anticipated Evidentiary Issues

The evidentiary issues known to the United States have been extensively briefed in the Joint Motions in Limine.

### G. Similar Statements for all Third Parties

The parties in this action are plaintiff, United States of America, defendant $148,145.00 in U.S. Currency, and Claimant Robert Shumake.

### H. Identification of Evidentiary Issues

The parties have briefed relevant evidentiary issues in their Joint Motions in Limine.

### I. Identification of any Issues of Law

The government is not aware of any unusual issues of law germane to this case and submits that the relevant evidentiary issue of law will be the subject of the parties' respective Joint Motions in Limine.

Dated: November 3, 2023          Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section

____/s/_____
DAN G. BOYLE
TARA B. VAVERE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

7