EDWARD M. BURCH, CSBN 255470
DAVID M. MICHAEL, CSBN 74031
LAW OFFICE OF MICHAEL & BURCH, LLP
One Sansome Street, Suite 3500
San Francisco, CA 94104
Telephone:	(415) 946-8996
E-mail:	david@michaelburchlaw.com

Attorneys for Claimant ROBERT SHUMAKE

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>v.<br><br>$148,145.00 IN U.S. CURRENCY,<br><br>        Defendant.<br>_____/<br>ROBERT SHUMAKE,<br><br>        Claimant.<br>_____/ | No. CV-18-670 PVC<br><br>[CLAIMANT'S PROPOSED]<br>SPECIAL VERDICT FORM<br><br>Trial Date: December 12, 2023<br><br>Hon. Pedro V Castillo |

Claimant, ROBERT SHUMAKE, by and through counsel, David Michael and Edward Burch, hereby submits this proposed verdict form.

**I.      Brief Note Re: Legal Basis for Claimant's Proposed Verdict Form**

21 U.S.C. § 881(a)(6) provides:

> All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this

subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

18 U.S.C. § 983(c) provides in relevant part:

> **(c)** **Burden of Proof.**—In a suit or action brought under any civil forfeiture statute for the civil forfeiture of any property—
>
> **(1)** the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture;
>
> …
>
> **(3)** if the Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the Government shall establish that there was a substantial connection between the property and the offense.

In *United States v. $11,500.00 in United States Currency*, 869 F.3d 1062, 1068-69 (9th Cir. 2017), the Court tacitly criticized that "the special verdict form did not separate the 'used' and 'intended to be used' prongs [of § 881(a)(6)], and we therefore cannot know for sure whether the jury found that the Guerreros actually used or merely intended to use the $11,500 to facilitate drug transactions," as it went on to scour the record for any indication that the "used" basis for forfeiture (i.e. in the past as opposed to intended to be used in the future) might have been supported by the evidence, which would have made it unnecessary to

resolve the ultimate question regarding the 'intended to be used' prongs.[1]

The Court found that there was no support for a verdict that the money was used in the past to facilitate drug violations, so went on, after lengthy analysis, to "hold [ ] that § 881(a)(6) does not authorize forfeiture based on mere intent to facilitate drug transactions without proof of some act to effectuate that intent. The district court erred by failing to include this limiting principle in its instructions to the jury." *Id.* at 1075. The Court explained that § 881(a)(6) does not "reach either back to unrealized intentions or forward in time to speculative, inchoate plans," holding that the money in that case, which was in fact used to post bail, could not be forfeited simply because the claimants may have intended to use some of the money for drug transactions prior to posting bail, or because there was a likelihood that if the they got the bail money back they would have used some part of it in the future for drugs. *Id.* at 1070-71.

//
//
//

---

[1] In the court's words, "the ultimate question in this case: Does either § 881(a)(6) or the Constitution permit the forfeiture of money in the possession of drug addicts who merely intended to use it for drug purchases without taking any steps to effectuate their intent?" *Id.* at 1070.

## II. Proposed Verdict Form

**In view of the above, Claimant's submits the following Proposed Special Verdict Form:**

The Court, having heard and considered the evidence, renders the following verdict:

**1. Furnished in Exchange**

**Question No. 1(a)**: Did the United States prove, by a preponderance of the evidence, that some or all of the Defendant $148,145.00 was furnished by any person in an exchange for a controlled substance?

_____ Yes        _____ No

(If you answered "No" to Question 1(a), skip Question 1(b) and proceed to Question 2(a). If you answered "Yes" to Question 1(a), proceed to Question 1(b))

**Question No. 1(b)**:
If you answered "Yes" to Question 1(a), how much of the Defendant $148,145.00 was shown by a preponderance of the evidence to have been furnished by any person in an exchange for a controlled substance?

$_____

(Proceed to Question 2(a))

## 2. Intended to Be Furnished

**Question No. 2(a)**: Did the United States prove, by a preponderance of the evidence, that some or all of the Defendant $148,145.00 was intended to be furnished by any person in exchange for a controlled substance?

_____ Yes        _____ No

(If you answered "No" to Question 2(a), skip Questions 2(b) & (c) and proceed to Question 3(a). If you answered "Yes" to Question 2(a), proceed to Question 2(b))

**Question No. 2(b)**: If you answered "Yes" to Question 2(a), how much of the Defendant $148,145.00 was shown by a preponderance of the evidence to have been intended to be furnished in exchange for a controlled substance?

$_____

(Proceed to Question 2(c))

**Question No. 2(c)**: Did the United States prove by a preponderance of evidence that the person – who intended to furnish the currency in exchange for a controlled substance, thus warranting affirmative responses to Questions 2(a) & (b) – committed some act to effectuate their intent to furnish that currency in exchange for a controlled substance, beyond having some speculative, inchoate plans?

_____ Yes            _____ No

(Proceed to question 3(a))


3.      **Proceeds Traceable**

        **Question No. 3(a)**:  Did the United States prove, by a preponderance of the
        evidence, that some or all of the Defendant $148,145.00 was proceeds
        traceable to an exchange for a controlled substance?

                  _____ Yes            _____ No

(If you answered "No" to Question No. 3(a), skip Question No. 3(b) and proceed to question 4(a). If you answered "Yes" to Question No. 3(a), proceed to Question 3(b)).

        **Question No. 3(b)**:  If you answered "Yes" to Question 3(a), how much of
        the Defendant $148,145.00 was shown by a preponderance of the evidence
        to be proceeds traceable to an exchange for a controlled substance?

                  $_____

(Proceed to question 4(a))




//

Case No. 18-cv-00670 PVC

6

**4.** **Used to Facilitate**

**Question No. 4(a)**: Did the United States prove, by a preponderance of the evidence, that some or all of the Defendant $148,145.00 was used to facilitate an exchange for a controlled substance?

\_\_\_\_\_ Yes          \_\_\_\_\_ No

(If you answered "No" to Question No. 4(a), skip Questions No. 4(b) & (c) and proceed to Question 5(a). If you answered "Yes" to Question No. 4(a), proceed to Question 4(b))

**Question No. 4(b)**: If you answered "Yes" to Question 4(a), how much of the Defendant $148,145.00 was shown by a preponderance of the evidence to have been used to facilitate an exchange for a controlled substance?

$_____

(Proceed to Question No. 4(c))

**Question No. 4(c):** As to the amount of the Defendant $148,145.00 identified in Question 4(b), above, did the Government establish that there was a substantial connection between that amount and the exchange of a controlled substance (warranting an affirmative response to Question 4(a))?

\_\_\_\_\_ Yes          \_\_\_\_\_ No

(Proceed to Question 5(a))

## 5. Intended to Be Used to Facilitate

**Question No. 5(a)**: Did the United States prove, by a preponderance of the evidence, that some or all of the Defendant $148,145.00 was intended to be used to facilitate an exchange for a controlled substance?

\_\_\_\_\_ Yes          \_\_\_\_\_ No

(If you answered "No" to Question 5(a), skip Questions 5(b) & (c) and proceed to Question 6(a).  If you answered "Yes" to Question 5(a), proceed to Question 5(b).).

**Question No. 5(b)**:  If you answered "Yes" to Question 5(a), how much of the Defendant $148,145.00 was shown by a preponderance of the evidence to have been intended to be used to facilitate an exchange for a controlled substance?

$_____

(Proceed to Question 5(c))

**Question No. 5(c)**:  Did the United States prove by a preponderance of evidence that the person, who intended to use the currency (identified in response to Question 5(b)) to facilitate an exchange for a controlled substance, committed some act to effectuate their intent to use that currency to facilitate an exchange for a controlled substance, beyond having some speculative, inchoate plans?

\_\_\_\_\_ Yes          \_\_\_\_\_ No

(Proceed to Question 5(d))

**Question No. 5(d)**: As to the amount of the Defendant $148,145.00 identified in response to Question 5(b), above, did the Government establish that there was a substantial connection between that amount and the exchange of a controlled substance (for which said person intended to facilitate)?

\_\_\_\_\_ Yes          \_\_\_\_\_ No

(Proceed to Question 6(a))

6.     **Plaintiff Failed to Meet Burden**

**Question No. 6(a)**: Is there an amount of the Defendant $148,145.00 to which the United States failed to prove by a preponderance of evidence was subject to forfeiture pursuant to Questions 1-5, above?

\_\_\_\_\_ Yes          \_\_\_\_\_ No

(If you answered "No" to Question 6(a), skip Questions 6(b) and sign the Verdict Form.  If you answered "Yes" to Question 5(a), proceed to Question 5(b).).

Claimant's Proposed Verdict Form
Case No. 18-cv-00670 PVC

9

**Question No. 6(b)**: If you answered "Yes" to Question 6(a), as to how much of the Defendant $148,145.00 did the United States fail to meet its burden?

$ _____

Dated: _____, 2023

December 4, 2023

_____
HONORABLE PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE


Respectfully Submitted,


*s/Edward M. Burch*
EDWARD M. BURCH, CSBN 255470
DAVID M. MICHAEL, CSBN 74031
LAW OFFICES OF MICHAEL & BURCH
One Sansome Street, Suite 3500
San Francisco, CA 94104
Telephone:  (415) 946-8996
Facsimile:  (415) 946-8837
E-mail:  edward@michaelburchlaw.com
E-mail:  david@michaelburchlaw.com


Attorneys for Claimant
ROBERT SHUMAKE

# CERTIFICATE OF ELECTRONIC SERVICE

  I hereby certify that, on December 4, 2023, I caused to be electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                *s/Edward M. Burch*_____
                EDWARD M. BURCH
                Attorney for Claimant
                ROBERT SHUMAKE